576 So.2d 1387 (1991)
Joshua MOST, et al.
v.
TULANE MEDICAL CENTER, et al.
No. 91-CC-0491.
Supreme Court of Louisiana.
April 5, 1991.
Rehearing Denied April 26, 1991.
PER CURIAM.
Writ Granted with Order. The lower courts erred in denying plaintiffs' motion to compel defendant, the Blood Center for Southeast Louisiana, to respond to plaintiffs' interrogatory concerning the identity of the donor of a unit of blood which allegedly infected Joshua Most with the H.I.V. virus associated with Acquired Immune Deficiency Syndrome (AIDS). In this case, plaintiffs' need to discover the donor's identity outweighs the privacy interests of the donor and any public policy considerations favoring non-disclosure, cf. Laburre v. East Jefferson General Hospital, 555 So.2d 1381 (La.1990).
In April, 1983, Joshua Most received transfusions of several units of blood products while a patient at the Tulane Medical Center. Subsequent to these transfusions, Joshua tested positive for the H.I.V. virus associated with AIDS. Through discovery, plaintiffs have learned that the donor of blood unit No. 005531, which Joshua received by transfusion, has tested positive for the H.I.V. virus. Additionally, it appears that this donor has donated three other units of blood. The recipient of one of these other units has also tested positive for the H.I.V. virus, and has an action against defendant, the Blood Center for Southeast Louisiana, pending in the Orleans Parish Civil District Court.
The present dispute arises out of an interrogatory plaintiffs propounded on the Blood Center for Southeast Louisiana seeking the name of the donor of blood unit No. 005531. The Blood Center objected to this interrogatory on the ground that the information sought was privileged under Laburre v. East Jefferson General Hospital, supra. Plaintiffs' motion to compel production of the requested information was denied by the trial court. The court of appeal, relying on Laburre, denied plaintiffs' application for supervisory writs. We find that in so doing the court of appeal misapplied the balancing test announced in Laburre.
The Laburre case arose out of an action brought by a patient who had contracted hepatitis from blood transfusions received during surgery at East Jefferson General Hospital. East Jefferson had purchased the units of blood involved from Mercy Hospital and the Blood Center for Southeast Louisiana. The Blood Center refused to comply with Mercy's discovery request seeking information regarding the identity *1388 of the donors of the blood Mr. Laburre received from the Blood Center. This court rejected the Blood Center's contention that information regarding blood donors was subject to a privilege akin to the physician/patient privilege. However, the court found that Mercy would not be entitled to disclosure of this information "if justice requires confidentiality in order to protect the donors from annoyance, embarrassment, oppression or undue burden or expense." Laburre, 555 So.2d at 1384. In considering whether to require disclosure of the donors' identity this court in Leburre announced the test to be applied in the present case: "In determining whether to require disclosure of the requested information, the court must balance the significant privacy interest of the donors and other public policy considerations against [the party seeking the information's] need for disclosure in [the] particular case." Id.
Though the balance in Laburre weighed in favor of non-disclosure, the facts of the present case tilt the scales in favor of disclosure. The Laburre case involved a much greater intrusion on the privacy interest of the blood donors than does the present case. The party seeking discovery in Laburre sought the identity of all persons who had donated blood transfused to the patient: the party seeking discovery here seeks only the identity of the donor of one specific unit of blood.
Also, the defendant hospital in the Laburre case sought the identity of those who had donated the blood transfused to the patient so that they could be questioned about intimate details of their lives (intravenous drug use, sexual habits, lifestyle) in order to determine which of them, and thus which blood supplier, had been the source of the infected blood. Such questioning was the only way to determine the source of the infected blood since, at that time, there was no serum test to indicate which of the donors carried the hepatitis virus contracted by Mr. Laburre. It was only known that the virus causing the Non-A, Non-B Hepatitis contracted by Mr. Laburre was transmitted through blood products, sexual contact and intravenous drug use. In the present case, the donor whose identity is sought has already tested positive for the H.I.V. virus contracted by Joshua Most. Plaintiffs seek to discover this donor's identity not to question him about intimate details of his personal life, but to question him about the screening process he went through when donating blood to the Blood Center for Southeast Louisiana.
Moreover, the need for disclosure is greater in the present case than it was in Laburre. In Laburre the defendant hospital had "been provided with all the personal and medical information revealed by the donors ... but want[ed] to check the accuracy of that information and to obtain current information." Laburre, 555 So.2d at 1385. The court noted that there was no indication that the information revealed by the donors at the time of donation was inaccurate and concluded that current information regarding symptoms of hepatitis in the donors would have been "of marginal value in proving negligence in this contest between two blood collectors." Id. To the contrary, plaintiffs in the present case have a great need for the information they seek. Plaintiffs need the identity of the donor in question in order to determine the screening process he went through at the time of the donation of blood unit No. 005531. The materials offered by the Blood Center regarding their screening procedures at the time in question will not show whether those procedures were actually followed at the time of this particular donation.
In conclusion, we find that plaintiffs' need for the identity of the donor in question outweighs both that donor's privacy interest and any public interest that would be served by non-disclosure. The decision of the lower courts in denying plaintiffs' motion to compel is reversed and the Blood Center for Southeast Louisiana is ordered to answer plaintiffs' interrogatory regarding the identity of the donor of blood unit No. 005531.
WATSON, J., concurs but notes that he would overrule Laburre.
MARCUS, J., dissents from the order and assigns reasons.
*1389 MARCUS, Justice (dissenting from order).
I do not consider that plaintiffs' need to discover the donor's identity outweighs the donor's privacy interests and the public policy favoring non-disclosure. Although these facts are distinguishable from those in Laburre, the plaintiffs have other and better means of proving negligence in the screening process used by the Blood Center. The Blood Center has produced or will produce the donor card filled out by the donor of unit No. 005531 as well as manuals and forms utilized at the time of the donation. The minimum likelihood that the donor will recall information useful to the plaintiffs from an interview which took place for fifteen or twenty minutes over seven years ago does not outweigh the public policy which protects a donor's expectation of privacy in the blood donation process. Accordingly, I respectfully dissent.